IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

ROBERT JOHNS, JR.   *

    Plaintiff,   *

v.   * CIVIL ACTION NO. 3:05-CV-990-T
                                                    (WO)

LEE COUNTY DETENTION CENTER   *

    Defendant.   *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated in the Lee County Detention Center in Opelika, Alabama, filed this 42 U.S.C. § 1983 action on October 17, 2005. He alleges that the conditions of confinement in the Lee County Detention Center violate his constitutional rights. The Lee County Detention Center is the named defendant. Upon review of the complaint, the court concludes that dismissal of Plaintiff's complaint against the detention center prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process, regardless of the payment of a filing fee, if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

**DISCUSSION**

Plaintiff names the Lee County Detention Center as the defendant in this cause of action. A county detention facility is not a legal entity subject to suit or liability under section 1983. *Cf. Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes that Plaintiff's complaint against the Lee County Detention Center is due to be dismissed. *Id.*

**CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint against the Lee County Detention Center be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **November 7, 2005**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done this 24th day of October 2005.

                                /s/ Vanzetta Penn McPherson
                                VANZETTA PENN MCPHERSON
                                UNITED STATES MAGISTRATE JUDGE